Case 1:22-cr-00373-BAH   Document 27   Filed 02/08/24   Page 1 of 18

FILED ___ ENTERED
____ LOGGED _____ RECEIVED

11:51 am, Feb 08 2024
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____Deputy

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

Colleen Elizabeth McGuinn
Assistant United States Attorney
Colleen.McGuinn@usdoj.gov

*Mailing Address:*
36 S. Charles Street, 4th Floor
Baltimore, MD 21201

*Office Location:*
36 S. Charles Street, 4th Floor
Baltimore, MD 21201

DIRECT: 410-2094823
MAIN: 410-209-4800
FAX: 410-962-3091

PEB 8.27.23

August 28, 2023

Ms. Paulette M. Pagan
Price Benowitz LLP
409 7th Street NW, Suite 200
Washington, D.C. 20004

   Re: United States v. Evan Thomas Harris Frock
     Criminal No. LKG-22-373

Dear Ms. Pagan:

  This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Evan Thomas Harris Frock, (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by September 30, 2023, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense of Conviction

  1. The Defendant agrees to plead guilty to Count Three of the Indictment, which charges the Defendant with Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a), (e). The Defendant admits that the Defendant is, in fact, guilty of the offense and will so advise the Court.

### Elements of the Offense

  2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Indictment, in the District of Maryland, the Defendant:

    a. Knowingly employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct;

    b. For the purpose of producing a visual depiction of such conduct; and

c. The Defendant had reason to know that the visual depiction would be transported in interstate or foreign commerce, said visual depiction was transported in interstate or foreign commerce, or the materials used to produce the visual depiction were transported in interstate or foreign commerce

Penalties

3. The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| COUNT | STATUTE | MANDATORY MINIMUM IMPRISONMENT | MAXIMUM IMPRISONMENT | MAXIMUM SUPERVISED RELEASE | MAXIMUM FINE | SPECIAL ASSESSMENT |
|---|---|---|---|---|---|---|
| 3 | 18 U.S.C. § 2251(a) | 15 years | 30 years | Life (min. 5y) | $250,000 | $100 and $5,000 |

a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, 3664 and § 2259.

d. Special Assessments: In addition to the mandatory $100 special assessment pursuant to 18 U.S.C. § 3013, the Defendant must also pay an additional special assessment of $5,000, unless the defendant is indigent, pursuant to 18 U.S.C. § 3014.

e. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

f. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

g. Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to

collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

### Sex Offender Registration

4.  The Defendant understands and agrees that, as a consequence of the Defendant's conviction for the crime to which the Defendant is pleading guilty, the Defendant will be required to register as a sex offender in the place where the Defendant resides, is an employee, and is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the law of the state of the Defendant's residence. Failure to do so may subject the Defendant to new charges pursuant to 18 U.S.C. § 2250.

### Waiver of Rights

5.  The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

    a.  If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b.  If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c.  If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

    d.  The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

e. If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

6. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

7. This Office and the Defendant agree to the following Sentencing Guidelines:

Rev. August 2018

4

   a. A stipulation of facts is attached as Attachment A to this plea agreement that specifically establishes the commission of additional offenses than those to which the defendant has agreed to plead guilty. Pursuant to § 1B1.2(c), those additional offenses shall be treated as if the defendant had been convicted of additional counts charging those offenses.

<u>Group One: Sexual Exploitation of Minor Victim One on February 7, 2022</u>
<u>(Counts 1 & 4)</u>

   b. This Office and the Defendant further agree that the applicable base offense level is 32 pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2G2.1(a).

   c. Pursuant to U.S.S.G. §2G2.1(b)(1)(A), there is a two (2) level increase because the victim was under the age of 16 at the time of the offense.

   d. Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or sexual contact.

   e. Pursuant to U.S.S.G. §2G2.1(b)(3), there is a two (2) level increase because the Defendant engaged in distribution.

   f. Pursuant to U.S.S.G. §2G2.1(b)(6)(A), there is a two (2) level increase because the Defendant misrepresented his identity to persuade, induce, entice and coerce the victim to engage in sexually explicit conduct.

   g. Thus, the subtotal is offense level 40.

<u>Group Two: Sexual Exploitation of Minor Victim Two on May 4, 2022</u>
<u>(Counts 2 & 5)</u>

   h. This Office and the Defendant further agree that the applicable base offense level is 32 pursuant to U.S.S.G. § 2G2.1(a).

   i. Pursuant to U.S.S.G. §2G2.1(b)(1)(A), there is a two (2) level increase because the victim was under the age of 16 at the time of the offense.

   j. Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or sexual contact.

   k. Pursuant to U.S.S.G. §2G2.1(b)(3), there is a two (2) level increase because the Defendant engaged in distribution.

   l. Pursuant to U.S.S.G. §2G2.1(b)(6)(A), there is a two (2) level increase because the Defendant misrepresented his identity to persuade, induce, entice and coerce the victim to engage in sexually explicit conduct.

   m. Thus, the subtotal is offense level 40.

Group Three: Sexual Exploitation of Minor Victim Three on December 9-11, 2021
(Counts 3 & 6)

n. This Office and the Defendant further agree that the applicable base offense level is 32 pursuant to U.S.S.G. § 2G2.1(a).

o. Pursuant to U.S.S.G. §2G2.1(b)(1)(A), there is a four (4) level increase because the victim was under the age of 12 at the time of the offense.

p. Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or sexual contact.

q. Pursuant to U.S.S.G. §2G2.1(b)(3), there is a two (2) level increase because the Defendant engaged in distribution.

r. Pursuant to U.S.S.G. §2G2.1(b)(6)(A), there is a two (2) level increase because the Defendant misrepresented his identity to persuade, induce, entice and coerce the victim to engage in sexually explicit conduct.

s. Thus, the subtotal is offense level 42.

Group Four: Coercion and Enticement of Minor Victim Four in January 2022
(Count 7)

t. This Office and the Defendant further agree that the applicable base offense level is 28 pursuant to U.S.S.G. § 2G1.3 (a)(3).

[handwritten insertion: t1. Pursuant to USSG (b)(2)(A) – 2 levels increased because defendant engaged in knowing misrepresentation of his identity (see X, below)]

u. Pursuant to U.S.S.G. §2G1.3 (b)(4)(A), there is a two (2) level increase because the offense involved the commission of a sex act or sexual contact.

v. Thus, the subtotal is offense level 32.

Group Five: Coercion and Enticement of Minor Victim Five on January 28, 2022
(Count 8)

w. This Office and the Defendant further agree that the applicable base offense level is 28 pursuant to U.S.S.G. § 2G1.3 (a)(3).

x. Pursuant to U.S.S.G. §2G1.3 (b)(2)(A), there is a two (2) level increase because the offense involved the knowing misrepresentation of a participant's identity to persuade, include, entice, coerce a minor victim to engage in prohibited sexual conduct.

y. Pursuant to U.S.S.G. §2G1.3(b)(4)(A), there is a two (2) level increase because the offense involved the commission of a sex act or sexual contact.

  z. Thus, the subtotal is offense level 32.

Group Six:  Coercion and Enticement of Minor Victim Six on February 17, 2022 (Count 9)

  aa. This Office and the Defendant further agree that the applicable base offense level is 28 pursuant to U.S.S.G. § 2G1.3 (a)(3).

  bb. Pursuant to U.S.S.G. §2G1.3 (b)(2)(A), there is a two (2) level increase because the offense involved the knowing misrepresentation of a participant's identity to persuade, include, entice, coerce a minor victim to engage in prohibited sexual conduct.

  cc. Pursuant to U.S.S.G. §2G1.3 (b)(4)(A), there is a two (2) level increase because the offense involved the commission of a sex act or sexual contact.

  dd. Thus, the subtotal is offense level 32.

Group Seven:  Coercion and Enticement of Minor Victim Seven on February 28, 2022 (Count 10)

  ee. This Office and the Defendant further agree that the applicable base offense level is 28 pursuant to U.S.S.G. § 2G1.3 (a)(3).

  ff. Pursuant to U.S.S.G. §2G1.3 (b)(2)(A), there is a two (2) level increase because the offense involved the knowing misrepresentation of a participant's identity to persuade, include, entice, coerce a minor victim to engage in prohibited sexual conduct.

  gg. Pursuant to U.S.S.G. §2G1.3 (b)(4)(A), there is a two (2) level increase because the offense involved the commission of a sex act or sexual contact.

  hh. Thus, the subtotal is offense level 32.

Group Eight:  Coercion and Enticement of Minor Victim Seven on March 16, 2022 (Count 11)

  ii. This Office and the Defendant further agree that the applicable base offense level is 28 pursuant to U.S.S.G. § 2G1.3 (a)(3).

  jj. Pursuant to U.S.S.G. §2G1.3 (b)(2)(A), there is a two (2) level increase because the offense involved the knowing misrepresentation of a participant's identity to persuade, include, entice, coerce a minor victim to engage in prohibited sexual conduct.

  kk. Pursuant to U.S.S.G. §2G1.3 (b)(4)(A), there is a two (2) level increase because the offense involved the commission of a sex act or sexual contact.

  ll. Thus, the subtotal is offense level 32.

Group Nine: Receipt, Distribution and Possession of Child Pornography (Counts 20 & 21)

  mm. This Office and the Defendant further agree that the applicable base offense level is 22 pursuant to U.S.S.G. § 2G2.2(a)(2).

  nn. Pursuant to U.S.S.G. §2G2.2(b)(2), there is a two (2) level increase because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.

  oo. mm. Pursuant U.S.S.G. §2G2.2(b)(3)(C), there is a five (5) level increase because the offense involved distribution to a minor.

  pp. Pursuant to U.S.S.G. §2G2.2(b)(5), there is a five (5) level increase because the Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.

  qq. Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the offense involved the use of a computer.

  rr. Pursuant to U.S.S.G. §2G2.2(b)(7), there is a five (5) level increase because the offense involved at least 600 images.

  ss. Thus, the subtotal is offense level 41.

Grouping:

8. Pursuant to U.S.S.G. §§ 3D1.2(d) and 3D1.4, sexual exploitation of the same minor victim on different days, and of different minor victims does not group.

9. Group Three has the highest level (42), followed by Group Nine (41), Group One and Two (40), and Group Four through Eight (32). Thus, there are a total of 6 units, and 4 levels are added to Group Five pursuant to U.S.S.G. §§ 3D1.4. (Subtotal: 46).

10. This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a) based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way. (Total: 43).

Chapter Four Enhancement:

11. Pursuant to U.S.S.G. §4B1.5(b)(1), and Application Note 4(B), there is a five (5) level increase because the instant offense of conviction is a covered sex crime and the Defendant engaged in a pattern of activity involving prohibited sexual conduct. (Subtotal: 48)

12. There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

13. Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

## Obligations of the Parties

14. At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a).

15. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

16. This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment.

## Waiver of Appeal

17. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

   b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of

Rev. August 2018

9

imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

      i. The Defendant reserves the right to appeal any sentence that exceeds the statutory maximum; and

      ii. This Office reserves the right to appeal any sentences below the statutory minimum.

      c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

18. The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses

19. Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities: Samsung Galaxy cell phone, IMEI 351675644133302. seized pursuant to a search warrant at the Defendant's residence on May 6, 2022.

20. The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

21. The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

22. The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

## Restitution

23. The Defendant agrees to the entry of a restitution order for the full amount of the Victims' losses. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation.

24. The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any restitution. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time. The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

## Restitution in Cases Involving the Sexual Exploitation of Children

25. Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

## Additional Special Assessments in Sex Crimes Cases

26. Pursuant to 18 U.S.C. § 3014 (the Justice for Victims of Trafficking Act "JVTA"), because the offense of conviction is under Chapter 110 (relating to sexual exploitation and other abuse of children), the Defendant must also pay an additional special assessment of $5,000, unless the Defendant is indigent

27. Assessments in Child Pornography Cases: Pursuant to 18 U.S.C. § 2259A (the Amy, Vicky, and Andy Child Pornography Victim Assistance Act "AVAA"), in addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess- (1) not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5); (2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and (3) **not more than $50,000** on any person convicted of a child pornography production offense.

28. The Defendant understands that he would have a right to file a claim to the Abandoned Property under 41 C.F.R. § 128-48.102-1 and waives his right to claim the Abandoned Property under 41 C.F.R. § 128-48.503. The Defendant agrees not to contest the vesting of title of the Abandoned Property in the United States Government and agrees to unconditionally release and hold harmless the United States Government, its officers, employees, and agents, from any and all claims, demands, damages, causes of actions, suits, of whatever kind and description, and wheresoever situated, that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure or waiver of ownership interest in the Abandoned Property. The Defendant agrees to execute any documents as necessary to the waiver of right, title and interest in the Abandoned Property, including any forms necessary to effect the Defendant's waiver of ownership interest.

### Defendant's Conduct Prior to Sentencing and Breach

29. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

30. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea even if made pursuant to Rule

## ATTACHMENT A

### STIPULATION OF FACTS

*The undersigned parties stipulate and agree that the following facts are true and accurate, and that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Evan Thomas Harris Frock (the "Defendant") was born in 1989, was thirty-three years old at the time these offenses were reported, and at all times resided in the State of Maryland. At the time of these offenses, the Defendant was working as a permanent substitute teacher and the girls' volleyball team coach at Westminster High School in Carroll County, Maryland. As detailed below, between 2021 and 2022, the Defendant operated and used several different online accounts with social media companies such Snapchat. Using a variety of aliases and usernames on these platforms, the Defendant, pretending to be a minor male and a minor female, communicated with several minor females and minor males, coercing and enticing them to produce visual depictions of their genitals, or he would ask for and receive depictions of their genitals. The Defendant also sent images of his own genitalia to the minors in order to cause them to reciprocate. The Defendant also possessed several hundred commercially available images and videos of child pornography that depicted toddlers, violence and bestiality.

### Group One: Sexual Exploitation of Minor Victim One, Coercion and Enticement, and Receipt of Child Pornography on February 7, 2022

In February 2022 the Defendant chatted with Minor Victim 1, then a 15-year-old female, on Snapchat. The Defendant used the Snapchat name "laxguy2323" and posed as a 17-year-old male, knowing Minor Victim 1 was 15. The Defendant represented himself to Minor Victim 1 as "Mitch," an 11th grade high school student. The Defendant and Minor Victim 1 chatted at first, and then the Defendant sent a video of himself masturbating. The two began to exchange images and videos. The Defendant would tell Minor Victim 1 what to send to him and what to say during the videos, making sure Minor Victim 1's face was visible. The Defendant told Minor Victim 1 to send videos of herself masturbating and touching her own genitals. The videos depicting Minor Victim 1 masturbating were made with Minor Victim 1's iPhone 12 and made in her bedroom on February 7, 2022. Three videos were found on the Defendant's cell phone in a folder labeled with Minor Victim 1's name as well as portions of their chats, which included voice memos made by the Defendant.

### Group Two: Sexual Exploitation of Minor Victim Two, Coercion and Enticement, and Receipt of Child Pornography, on May 4, 2022

In April and May 2022, The Defendant chatted with Minor Victim 2, then a 15-year-old female, on Snapchat. Minor Victim 2 has a developmental delay and was the Defendant's student when he was a substitute teacher at Westminster High School. The Defendant contacted Minor Victim 2 under the identity of "Mitch," a junior in high school using his "laxguy2323" Snapchat

1

account. The two communicated daily. The Defendant began to ask Minor Victim 2 for naked images, but she initially did not want to send any. He kept asking her, telling her how she could touch herself. On May 4, 2022, Minor Victim 2 made a video of herself, touching her own genitals, showing her face and breasts, as the Defendant had instructed. The video was made in Minor Victim 2's bedroom and shower, and still images of the video were found in the Defendant's phone.

### Group Three: Sexual Exploitation of Minor Victim Three, Coercion and Enticement, and Receipt of Child Pornography on December 9-11, 2021

In December 2021, the Defendant chatted with Minor Victim 3, then a 9-year-old female, on Snapchat, using his account "hannahvolley31." The Defendant held himself out to be Hannah, a teenaged girl. The two began chatting, and Minor Victim 3 confided in "Hannah" that she was living at her grandmother's house because her mother was in jail. The Defendant told Minor Victim 3 to send him naked images, to sit down and expose her genitals. Between December 9 - 11, 2021, Minor Victim 3 sent a series of images of herself to the Defendant touching and exposing her genitals. These images were found on the Defendant's phone.

### Group Four: Coercion and Enticement of Minor Victim Four, Receipt and Distribution of Child Pornography

In January and February 2022, the Defendant chatted with Minor Victim 4, then 14-year-old males on Snapchat, using his account "laxguy2323." The Defendant held himself out to be a high schooler. The Defendant asked Minor Victim Four for photos of his penis and also asked Minor Victim Four if he knew other teenagers to get photos from. The Defendant sent an image of a known 14-year-old male's penis to Minor Victim 4, saying it was the Defendant's image, and used this to entice Minor Victim 4 to send a photo of his penis with his face depicted. Minor Victim 4 sent an image as the Defendant requested, although the photo had been created by Minor Victim 4 several months before. These images of Minor Victim 4 were found on the Defendant's phone and in his Snapchat account.

### Group Five: Coercion and Enticement of Minor Victim Five, Receipt of Child Pornography

In January through April 2022, the Defendant chatted with Minor Victim 5, then a 16-year-old male, on Snapchat, using his account "laxguy2323." The Defendant held himself out to be "Mitch," a junior at North Hagerstown High School. The Defendant even sent a photo of a lacrosse player from that high school in full uniform and helmet, saying it was the Defendant. The Defendant asked Minor Victim 5 to take naked images of himself, sending a voice message where the Defendant used explicit language to describe his attraction. Minor Victim 5 then sent a photo of himself with his erect penis exposed, but the photo had been taken several months prior. The image and the audio message were both found on the Defendant's phone.

### Group Six: Coercion and Enticement of Minor Victim Six, Receipt of Child Pornography

In February 2022, the Defendant chatted with Minor Victim 6, then a 16-year-old female, on Snapchat using his "laxguy2323" account. The Defendant told Minor Victim 6 that he was 18

years old, and he wanted to buy videos of her masturbating and in other sexual positions. Minor Victim 6 sent a video of herself masturbating on February 17, 2022, but it was created prior to that date. The video was found in the Defendant's Snapchat account as well as Minor Victim 6's Snapchat account.

Group Seven: Coercion and Enticement of Minor Victim Seven, Receipt of Child Pornography

In February and March 2022, the Defendant chatted with Minor Victim 7, a then 16-year-old female, on Snapchat using his "laxguy2323" account. The Defendant repeatedly asked Minor Victim 7 to send images of herself. On one occasion, the Defendant asked Minor Victim 7 if she had any new "pics," and Minor Victim 7 said she did, but that she was in school. The Defendant began to get insistent with Minor Victim 7, and texted, "SHOW MEEE" on February 28, 2022. On March 16, 2022, he continued to text her, asking for shower images, and texted, "SHOW ME!" This chat was found in the Defendant's Snapchat account and on his phone. Minor Victim 7 sent explicit images to the Defendant, but the images were produced prior to his request.

A search and seizure warrant was executed at the Defendant's home in Taneytown, Maryland, on May 6, 2022. During the execution of the warrant, agents seized the Defendant's Samsung Galaxy cell phone, IMEI 351675644133302. On the Defendant's phone, agents located the Defendant's Snapchat accounts as well as over 750 sexually explicit images and videos depicting minors aged 3 to 17, including six that depicted toddlers, five that depicted sadomasochistic or violent acts, and two that involved bestiality with minors. The Defendant had hundreds of chats open on his Snapchat account.

The videos described above were located on the Samsung Galaxy or within the Defendant's Snapchat accounts. The images and videos described above were produced, distributed or received by the Defendant knowing and having reason to know that the images and videos would be transported and transmitted using any means and facility of interstate and foreign commerce, and the Defendant transported and transmitted the images and videos using the internet, which is a means and facility of interstate and foreign commerce. Additionally, the Defendant produced, distributed or received the images and videos described above using a cellular phone that was manufactured outside of the United States, and was mailed, shipped, and transported in interstate and foreign commerce.

SO STIPULATED:

Colleen Elizabeth McGuinn
Assistant United States Attorney

    I have reviewed the foregoing Statement of Facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as a part of my plea agreement with the government in this case.

_____
Evan Thomas Harris Frock
Defendant

    I am the attorney for the defendant. I have carefully reviewed every part of this Statement of Facts with him. To my knowledge, his decision to sign it is an informed and voluntary one.

_____
Paulette M. Pagan, Esq.
Counsel for Defendant

4

11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Court Not a Party

31.   The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposed any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

32.   This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Erek L. Barron
United States Attorney

Colleen Elizabeth McGuinn
Assistant United States Attorney

Rev. August 2018

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

9/29/23
Date

_____
Evan Thomas Harris Frock

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

9/29/23
Date

_____
Paulette M. Pagan, Esq.